1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LANCE WILLIAMS,                                  No.  2:15-cv-0782 DB P

12                        Plaintiff,

13            v.                                        ORDER

14    ERIC ARNOLD, et al.,

15                        Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18    action under 42 U.S.C. § 1983.  Before the court is plaintiff's motion for reconsideration of an

19    order denying his request to correspond with an inmate witness.  Plaintiff contends that he needs

20    to correspond with the inmate witness to obtain an affidavit to oppose defendants' summary

21    judgment motion. Also before the court is defendants' motion to modify the Discovery and

22    Scheduling Order to permit further discovery and pretrial motions if defendants' pending motion

23    for summary judgment is denied.

24                                          **Background**

25          Plaintiff initiated this action with a complaint signed on April 8, 2015 and filed here on

26    April 10, 2015.  (ECF No. 1.)  The case is proceeding on plaintiff's first amended complaint filed

27    on October 28, 2015.  (ECF No. 14.)  Therein, plaintiff alleges Eighth Amendment violations by

28    ////

                                                    1

1    defendant Romero for excessive force and by defendants Romero, Abarra, and La for deliberate

2    indifference to plaintiff's medical needs.

3         After defendants answered the complaint, the court issued a Discovery and Scheduling

4    Order setting a November 18, 2016 deadline for discovery and a February 10, 2017 deadline for

5    pretrial motions.  (ECF No. 23.)  On July 29, 2016, defendants moved for summary judgment.

6    (ECF No. 24.)   Defendants argue that plaintiff failed to exhaust his administrative remedies

7    before filing this action.

8         In a motion filed August 10, 2016, plaintiff sought an order allowing him to have limited

9    correspondence with an inmate witness.  (ECF No. 27.)  On August 18, 2016, the court denied the

10   motion because plaintiff failed to show the affidavit(s) he sought were relevant to the issues

11   raised by defendants' motion for summary judgment.  (ECF No. 29.)

12        In a motion filed September 2, 2016, plaintiff seeks reconsideration of the court's August

13   18 order.  (ECF No. 30.)  Since then, plaintiff filed an opposition to defendants' summary

14   judgment motion and defendants filed a reply.  (ECF Nos. 31, 32.)  On November 14, 2016,

15   defendants moved to modify the Discovery and Scheduling Order issued on July 27, 2016.  (ECF

16   No. 33.)

17                          **Plaintiff's Motion for Reconsideration**

18        The court will reconsider a ruling on a motion upon a showing that "new or different facts

19   or circumstances are claimed to exist which did not exist or were not shown upon such prior

20   motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were

21   not shown at the time of the prior motion."  E.D. Cal. R. 230(j).  Plaintiff now alleges that inmate

22   witness Liggins, with whom he seeks to communicate, "would assert that he assisted, counseled

23   plaintiff in the exhaustion process due to plaintiff's mental health disabilities . . . [and] would

24   assert why no 3rd level decision was rendered on initial 602 appeal and why complaint was filed

25   when it was."  (ECF No. 30 at 1.)  According to plaintiff, Liggins' affidavit is necessary to show

26   why plaintiff should be excused from the exhaustion requirement.

27        Plaintiff will only be excused from the exhaustion requirement if he can show the

28   appropriate grievance procedures were "unavailable" to him.  See Ross v. Blake, 136 S. Ct. 1850,

1  1859-60 (2016).  Plaintiff does not show why inmate Liggins has more knowledge about the

2  availability of  the grievance and appeal procedures.  In fact, in plaintiff's opposition to the

3  summary judgment motion, plaintiff states that Liggins only helped him file the original 602

4  appeal.  (ECF No. 31 at 3.)  Plaintiff makes no assertion in the opposition that Liggins was

5  involved in the other aspects of plaintiff's grievance process or that plaintiff himself was unaware

6  of what happened.  For these reasons, the court finds plaintiff has failed to show a need to

7  communicate with Liggins to obtain his affidavit to oppose the summary judgment motion.

8  **Defendants' Motion to Modify Discovery and Scheduling Order**

9         On November 14, 2016, defendants filed a motion to modify the Discovery and

10  Scheduling Order to permit additional discovery and pretrial motions after a decision on the

11  pending motion for summary judgment.  Defendants argue that they limited their summary

12  judgment motion to exhaustion issues in the interests of most efficiently resolving this action.

13  The court agrees that if defendants' motion for summary judgment is denied, the parties should be

14  permitted further discovery and pretrial motions on the substance of plaintiff's complaint.

15         Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

16     1.  Plaintiff's September 2, 2016 motion for reconsideration (ECF No. 30) is denied; and

17     2.  Defendants' November 14, 2016 motion to modify the Discovery and Scheduling

18         Order is granted.  See Fed. R. Civ. P. 16(b)(4).  If defendants' summary judgment

19         motion is denied, the court will set new deadlines for discovery and pretrial motions.

20  Dated:  December 29, 2016

23  DEBORAH BARNES
   UNITED STATES MAGISTRATE JUDGE

24  DLB:9
   DLB1/prisoner-civil rights/will0782.recon

3